Lennox S. Hinds, Esq.
STEVENS, HINDS & WHITE, P.C.
42 Van Doren Avenue
Somerset, N.J. 08873
(732) 973-3096

116 West 111th Street
New York, NY  10026
(212)864-4445
Attorney for Plaintiff
_____

| | |
|---|---|
| KENDRA DENISE BROWN, | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| Plaintiff | Dkt. No. 3:11-CV-02494-MLC-DEA |
| MIDDLESEX COUNTY, CFG HEALTH SYSTEMS, LLC, WARDEN EDMOND CICCHI, LT. JETTERS, DR. TALBOT, | **AMENDED COMPLAINT AND JURY DEMAND** |
| Defendants. | |

_____

PRELIMINARY STATEMENT

1. This is an action brought by a former officer of the Middlesex County Jail, who was brutally mistreated and denied medical treatment at the Jail, in retaliation for her whistleblowing and with deliberate indifference to her medical condition, four days after she had undergone surgery.

JURISDICTION

2. This action is brought pursuant to 42 U.S. C. §.1983.  Jurisdiction to redress violations of civil rights is provided by 28 U.S.C. § 1343.  This Court has supplemental jurisdiction over Plaintiff's State law claims under 28 U.S.C. § 1367.

VENUE

3. Venue is laid in the District of New Jersey, where Defendants reside and where the cause of action arose.

PARTIES

4. Plaintiff, KENDRA DENISE BROWN, is a citizen of the United States and a resident of New Jersey.

5. Defendant MIDDLESEX COUNTY is a County government organized under the laws of New Jersey.  The Middlesex County Jail is operated as a branch of the County government.

6. Defendant CFG HEALTH SYSTEMS, LLC, provides health care services for inmates at the MIDDLESEX COUNTY jail under contract to Defendant MIDDLESEX COUNTY.  Upon information and belief, Defendant TALBOT acted as an employee of Defendant CFG HEALTH SYSTEMS, LLC, and under its supervision, and provided and failed to provide medical services in accord with its policies and practices.  In fulfilling a government function, and in acting jointly with the County of Middlesex in the provision of medical services, Defendant CFG HEALTH SYSTEMES, LLC acted under color of law.

7. Defendant CICCHI was at all times mentioned herein the warden of the Middlesex County Jail, and as such was the chief decision-maker and policy-maker with respect to the operations of the Middlesex County Jail.  At all times mentioned herein, Defendant CICCHI acted pursuant to his authority under the

laws of New Jersey and of Middlesex County, under color of law.

8. Defendant JETTERS was at all times mentioned herein an officer of the Middlesex County Jail, with the rank of Lieutenant. At all times mentioned herein, Defendant JETTERS acted pursuant to his authority under the laws of New Jersey and of Middlesex County, under color of law.

9. At all times mentioned herein, Defendant TALBOT was the chief medical officer at the Middlesex County Jail, and had authority to make medical decisions concerning detainees at the Middlesex County Jail. Ar all times mentioned herein, Defendant TALBOT acted pursuant to his authority under the laws of New Jersey and of Middlesex County, under color of law.

## AS A FIRST CAUSE OF ACTION

### FACTS

10. On or about May 27th, 2009, Plaintiff had undergone an abdominoplasty surgery in the Dominican Republic.

11. Upon her return to New Jersey, on or about June 1, 2009, Plaintiff was arrested by officers of the Highland Park police department, pursuant to a warrant, on a charge of alleged child neglect, and transported to the Middlesex County Jail.

12. Upon information and belief, Defendant CICCHI requested that she be brought to the jail with her hands cuffed behind her back and in shackles.

13. Contrary to jail policy when a person being brought to the jail for detention has health issues, Plaintiff was accepted into jail custody without having been cleared by a hospital, despite the fact that the jail was aware of her medical condition,

which prevented her being strip-searched in accord with jail protocol.

14. Plaintiff was brought to the medical department of the jail. Defendant JETTERS came to the medical department and reported that Defendant CICCHI wanted her stripped naked and placed in a paper gown, and ordered her stripped and the one abdominal binder she had removed. It is highly unusual for the Warden to give orders concerning individual detainees.

15. Plaintiff asked the Director of Nursing why she had not been taken to a hospital. The Director of Nursing told Plaintiff that she could not be taken to a hospital unless she had a fever.

16. Defendant TALBOT examined Plaintiff, and reduced her medication dosage from 1000 mgs. of Cipro to 500 mgs.

17. Plaintiff asked Defendant TALBOT why she was not being brought to the hospital after having a rough time while being transported to the jail.

18. Defendant TALBOT responded that since she didn't have a fever, she didn't need to go to the hospital, but that if she developed a fever, they would take her to the hospital because that meant infection.

19. Plaintiff said "I am going to die in here." Defendant TALBOT ignored her, and began to stretch and poke at her belly button.

20. Plaintiff told Defendant TALBOT he was hurting her, and asked who was going to clean her wounds, and asked if they had peroxide.

21. Defendant TALBOT told her "we don't use that here."

22. Defendant CICCHI caused Plaintiff to be placed in solitary confinement, telling his staff not to have any contact with Plaintiff because he falsely claimed she was

dangerous.

23. Defendant CICCHI also attempted to have Plaintiff deprived of underclothing, although a female staff member, in disobedience to his order, brought Plaintiff underclothing.

24. Defendant CICCHI deliberately singled Plaintiff out for harsh treatment because, while working as a correction officer at the jail, she had filed grievances and had reported another officer for use of excessive force.

25. While Plaintiff was in solitary confinement, she had only a one-inch mattress on a metal bed, which was not appropriate for her given that she had been operated on only four days earlier.

26. During the time she was being confined at the jail, and not obtaining medical treatment, Plaintiff was suffering from a leak of fluids and internal bleeding into her abdominal wall, which was not detected at the time because she was not brought to the hospital, as was the jail's standard practice.

27. Defendant TALBOT, acting with deliberate indifference to Plaintiff's medical conditions, also failed to do a thorough medical examination of Plaintiff to determine whether her condition required further assessment or treatment at a hospital.

28. Defendant CFG HEALTH SYSTEMS, LLC failed to adequately supervise the delivery of medical treatment at Middlesex County Jail, including the transfer of inmates with medical issues to a hospital for assessment before accepting them into the jail, causing the failure to treat Plaintiff's conditions.

29. The deliberate and reckless denial of medical treatment and other intentional

mistreatment of Plaintiff while she was detained at Middlesex County Jail denied her rights under the due process clause of the Fourteenth Amendment for which Defendants are liable under 42 U.S.C. § 1983.

## AS A SECOND CAUSE OF ACTION

30. Plaintiff repeats and realleges ¶¶ 1-29 of this Complaint.

31. Defendants' denial of Plaintiff's civil rights subjected them to liability for damages pursuant to the New Jersey Civil Rights Act, New Jersey Civil Rights Act, N.J.S. 2: 6-2.

## AS A THIRD CAUSE OF ACTION

32. Plaintiff repeats and realleges ¶¶ 1-29 of this Complaint.

33. Defendant TALBOT's neglect of Plaintiff's medical conditions and maltreatment of Plaintiff grossly departed from the standards of care of the medical profession, causing her injuries.

34. Defendant TALBOT and Defendant CFG HEALTH SYSTEMS, LLC are liable to Plaintiff for medical malpractice.

Wherefore Plaintiff demands judgment against Defendants in an amount to be determined by the trier of fact, for compensatory damages, and, for punitive damages against all Defendants legally subject to punitive damages, together with an award of reasonable attorney's fees and costs and such further, other and different relief as this Court deems just in the premises.

            /s/_____
            Lennox S. Hinds (LH-8196)
            Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable by jury.

            /s/_____
            Lennox S. Hinds (LH-8196)
            Attorney for Plaintiff