HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
40 Paterson Street, P.O. Box 480
New Brunswick, NJ 08903
(732)545-4717
Attorneys for Defendant, Lt. Jetters

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON, NEW JERSEY

| | |
|---|---|
| Plaintiff,<br><br>KENDRA DENISE BROWN<br><br>vs.<br><br>Defendants,<br><br>MIDDLESEX COUNTY, CFG HEALTH SYSTEMS, LLC, WARDEN EDMOND CICCHI, LT. JETTERS, DR. TALBOT | Honorable Mary L. Cooper, U.S.D.J.<br><br>CIVIL ACTION NO. 3:11-cv-2494 (MLC/DEA)<br><br>**ANSWER, SEPARATE DEFENSES, CROSSCLAIMS, ANSWER TO ALL CROSSCLAIMS, NOTICE OF ALLOCATION, REQUEST FOR DISCOVERY, DESIGNATION OF TRIAL COUNSEL AND JURY DEMAND**<br><br>**ELECTRONICALLY FILED** |

This Defendant, Lt. Jetters, by way of Answer to Plaintiff's Amended Complaint, says:

## PRELIMINARY STATEMENT

1. This Defendant denies the allegations contained in this paragraph insofar as any allegations pertain to this Defendant.

## JURISDICTION

2. Plaintiff is left to her proofs thereto.

## VENUE

3. Plaintiff is left to her proofs thereto.

## PARTIES

4. Plaintiff is left to her proofs thereto.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

5. Plaintiff is left to her proofs thereto.

6. The allegations contained in this paragraph do not apply to this Defendant and, therefore, no response is made thereto.

7. The allegations contained in this paragraph do not apply to this Defendant and, therefore, no response is made thereto.

8. This Defendant denies the allegations contained in this paragraph insofar as this paragraph alleges negligence and/or breach of any duty.

9. The allegations contained in this paragraph do not apply to this Defendant and, therefore, no response is made thereto.

## AS A FIRST CAUSE OF ACTION

## FACTS

10. Plaintiff is left to her proofs thereto.

11. Plaintiff is left to her proofs thereto.

12. This Defendant denies the allegations contained in this paragraph.

13. This Defendant denies the allegations contained in this paragraph.

14. This Defendant denies the allegations contained in this paragraph.

15. The allegations contained in this paragraph do not apply to this Defendant and, therefore, no response is made thereto.

16. The allegations contained in this paragraph do not apply to this Defendant and, therefore, no response is made thereto.

17. This Defendant denies the allegations contained in this paragraph insofar as this paragraph alleges negligence and/or breach of any duty.

18. This Defendant denies the allegations contained in this paragraph insofar as this paragraph alleges negligence and/or breach of any duty.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

19. This Defendant denies the allegations contained in this paragraph insofar as this paragraph alleges negligence and/or breach of any duty.

20. This Defendant denies the allegations contained in this paragraph insofar as this paragraph alleges negligence and/or breach of any duty.

21. This Defendant denies the allegations contained in this paragraph insofar as this paragraph alleges negligence and/or breach of any duty.

22. This Defendant denies the allegations contained in this paragraph insofar as this paragraph alleges negligence and/or breach of any duty.

23. This Defendant denies the allegations contained in this paragraph insofar as this paragraph alleges negligence and/or breach of any duty.

24. This Defendant denies the allegations contained in this paragraph insofar as this paragraph alleges negligence and/or breach of any duty.

25. This Defendant denies the allegations contained in this paragraph insofar as this paragraph alleges negligence and/or breach of any duty.

26. This Defendant denies the allegations contained in this paragraph insofar as this paragraph alleges negligence and/or breach of any duty.

27. This Defendant denies the allegations contained in this paragraph insofar as this paragraph alleges negligence and/or breach of any duty.

28. This Defendant denies the allegations contained in this paragraph insofar as this paragraph alleges negligence and/or breach of any duty.

29. This Defendant denies the allegations contained in this paragraph.

## AS A SECOND CAUSE OF ACTION

30. This Defendant repeats and reiterates each and every response to prior allegations as if same were set forth herein at length.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

31. This Defendant denies the allegations contained in this paragraph.

## AS A THIRD CAUSE OF ACTION

32. This Defendant repeats and reiterates each and every response to prior allegations as if same were set forth herein at length.

33. The allegations contained in this paragraph do not apply to this Defendant and, therefore, no response is made thereto.

34. The allegations contained in this paragraph do not apply to this Defendant and, therefore, no response is made thereto.

WHEREFORE, this Defendant, Lt. Jetters, demands judgment dismissing the Complaint, together with costs and counsel fees.

## FIRST SEPARATE DEFENSE

If Plaintiff suffered damages, the same were caused by Plaintiff's sole negligence.

## SECOND SEPARATE DEFENSE

If Plaintiff suffered damages, the same were caused by Plaintiff's contributory negligence.

## THIRD SEPARATE DEFENSE

If Plaintiff suffered damages, the same were caused by third persons over whom this Defendant had no control.

## FOURTH SEPARATE DEFENSE

The incident which forms the basis of this litigation and which allegedly caused the injuries and damages to Plaintiff was proximately caused or contributed to by the fault of third parties not parties to this suit. The responsibility of this Defendant and the right of Plaintiff to recover in this litigation can only be determined after the percentages of responsibility of all parties to this litigation have been determined. Accordingly, this Defendant seeks an adjudication of the percentage of fault of Plaintiff and each and every person whose fault contributed to this incident.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

**FIFTH SEPARATE DEFENSE**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**SIXTH SEPARATE DEFENSE**

Plaintiff's cause of action is barred by the applicable Statute of Limitations and/or Repose.

**SEVENTH SEPARATE DEFENSE**

This Defendant did not violate any duty owed to Plaintiff under common law, statute, regulations or standards.

**EIGHTH SEPARATE DEFENSE**

This Defendant's conduct was not negligent.

**NINTH SEPARATE DEFENSE**

This Defendant's conduct was not the proximate cause of Plaintiff's alleged damages.

**TENTH SEPARATE DEFENSE**

At the time and place aforesaid, Plaintiff and/or Co-Defendant(s) were negligent, barring or limiting recovery in whole or in part, and this Defendant pleads the Comparative Negligence Statute as to all parties.

**ELEVENTH SEPARATE DEFENSE**

The alleged damages complained of were due to unavoidable circumstances and causes beyond the control or fault of this Defendant.

**TWELFTH SEPARATE DEFENSE**

This Defendant has no policy, scheme, practice nor custom to violate the constitutional rights of any of his citizens, irrespective of their ethnic backgrounds, nor does this Defendant have a custom, policy, scheme or practice to tolerate or permit violation of constitutional rights.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

### THIRTEENTH SEPARATE DEFENSE

This Defendant denies the allegations of improper conduct as set forth in Plaintiff's Complaint; however, the alleged misconduct does not rise to the level of a Constitutional violation.

### FOURTEENTH SEPARATE DEFENSE

This Defendant, in carrying out his duties, acted in good faith and without malicious intent to deprive Plaintiff of her Constitutional rights.

### FIFTEENTH SEPARATE DEFENSE

No malicious intent of causing a deprivation of Plaintiff's Constitutional rights has been factually set out against this Defendant.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff has failed to exhaust all applicable administrative remedies and is therefore barred from recovery.

### SEVENTEENTH SEPARATE DEFENSE

This Defendant reserves the right to apply to this Court for the imposition of sanctions against Plaintiff and counsel, pursuant to Rule 11, and to make an application for counsel fees and costs of suit, pursuant to Section 1988 of Title 42 of the United States Code Annotated on the basis that the within cause of action is without merit, is frivolous and has been instituted by Plaintiff in bad faith and with the intent to harass this Defendant and to cause him to incur great expenses in defense of same, all to this Defendant's damage.

### EIGHTEENTH SEPARATE DEFENSE

Without admitting Plaintiff's civil rights were violated, this Defendant avers that in any event this Defendant is shielded from liability for civil damages because the alleged conduct did not violate clearly established statutory and/or constitutional rights of which a reasonable person would have known.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

### NINETEENTH SEPARATE DEFENSE

At all times relevant hereto, this Defendant was protected by a qualified privilege and as such Plaintiff is barred from any recovery herein.

### TWENTIETH SEPARATE DEFENSE

Without admitting Plaintiff's civil rights were violated, Plaintiff's claims are not actionable inasmuch as there is no evidence or allegation that the alleged governmental misconduct was the result of deliberate indifference by this Defendant.

### TWENTY-FIRST SEPARATE DEFENSE

At all times relevant hereto, this Defendant had the legal right to detain, and restrain Plaintiff for purposes of the protection of this Defendant and other members of the public; said detention was reasonable both in type and length.

### TWENTY-SECOND SEPARATE DEFENSE

At no time relevant to this litigation was Plaintiff deprived of life, liberty or property thereby precluding Plaintiff from maintaining any causes of action for violation of civil rights.

### TWENTY-THIRD SEPARATE DEFENSE

At no time relevant to this litigation did Plaintiff sustain any violation of her civil rights pursuant to a governmental policy or custom thereby precluding Plaintiff from maintaining any causes of action for violation of civil rights.

### TWENTY-FOURTH SEPARATE DEFENSE

At all times relevant to this litigation, this Defendant acted in good faith and with probable cause and entertained an honest, reasonable belief that this Defendant's actions were reasonable and necessary thereby precluding Plaintiff from maintaining any causes of action for violation of civil rights.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

### TWENTY-FIFTH SEPARATE DEFENSE

This Defendant's conduct did not deprive Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.

### TWENTY-SIXTH SEPARATE DEFENSE

Plaintiff's conduct was not constitutionally protected.

### TWENTY-SEVENTH SEPARATE DEFENSE

This Defendant did not act in concert with County officials to deprive Plaintiff of her employment.

### TWENTY-EIGHTH SEPARATE DEFENSE

Plaintiff was not due procedural due process.

### TWENTY-NINTH SEPARATE DEFENSE

Plaintiff's procedural due process was satisfied.

### THIRTIETH SEPARATE DEFENSE

Plaintiff fails to establish a prima facie case of violation of 42 U.S.C. 1983.

### THIRTY-FIRST SEPARATE DEFENSE

There was no intentional substantive conspiracy to violate Plaintiff's Constitutional rights.

### THIRTY-SECOND SEPARATE DEFENSE

This Defendant is entitled to the defense of qualified immunity.

### THIRTY-THIRD SEPARATE DEFENSE

Plaintiff's claim for punitive damages is unconstitutional.

### THIRTY-FOURTH SEPARATE DEFENSE

Plaintiff's claim for punitive damages violates this Defendant's right to protection for "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of New Jersey and violates this Defendant's right to substantive due process

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of New Jersey. Therefore, Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### THIRTY-FIFTH SEPARATE DEFENSE

Plaintiff's claim for punitive damages violates this Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of New Jersey and, therefore, fails to state a cause of action upon which relief can be granted.

### THIRTY-SIXTH SEPARATE DEFENSE

This Defendant denies the applicability of punitive damage theories under the facts of this litigation and, in any event, denies he is so liable under said theories.

### THIRTY-SEVENTH SEPARATE DEFENSE

Pursuant to N.J.S.A. 2A:15-5.13 this Defendant hereby demands a bifurcated trial as to the issues of compensatory and punitive damages.

### THIRTY-EIGHTH SEPARATE DEFENSE

Plaintiff's claim for punitive damages must be dismissed because Plaintiff cannot prove by clear and convincing evidence that this Defendant's acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions.

### THIRTY-NINTH SEPARATE DEFENSE

This Defendant pleads all the limitations and conditions as stated in the Punitive Damage Act, 2A:15-5.9 et seq.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

## CROSSCLAIMS

This Defendant, Lt. Jetters, by way of Crossclaims against the Co-Defendants, CFG Health System, LLC and Dr. Talbot, says:

## FIRST COUNT

1. Although this Defendant, Lt. Jetters, denies any liability whatsoever, he nonetheless asserts that any and all injuries and damages sustained by Plaintiff were the proximate result of the negligence of Co-Defendants, CFG Health System, LLC and Dr. Talbot, and demands contribution pursuant to the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et seq., and the Comparative Negligence Act of New Jersey from Co-Defendants, CFG Health System, LLC and Dr. Talbot, for the proportionate share of any and all sums that may be adjudged against this Defendant in this action.

WHEREFORE, this Defendant, Lt. Jetters, demands a judgment of contribution from Co-Defendants, CFG Health System, LLC and Dr. Talbot, together with interest, attorney's fees, costs of suit, and such other relief as this Court deems appropriate and equitable.

## SECOND COUNT

1. This Defendant, Lt. Jetters, repeats and realleges each and every allegation contained in the First Count as if the same were more fully set forth at length herein and made a part hereof.

2. Although this Defendant, Lt. Jetters, denies any liability whatsoever, he nonetheless asserts that any and all injuries and damages sustained by Plaintiff were the proximate result of the negligence of Co-Defendants, CFG Health System, LLC and Dr. Talbot, which negligence was primary and active, and if this Defendant is found liable to Plaintiff with respect to said injuries and damages, such liability resulted solely from secondary, imputed, vicarious or passive negligence, and Co-Defendants aforesaid are liable to this Defendant, by way of common law indemnification, for any and all sums which this Defendant may be required to pay in this action.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

WHEREFORE, this Defendant, Lt. Jetters, demands judgment, by way of full indemnification, against Co-Defendants, CFG Health System, LLC and Dr. Talbot, for any and all sums which this Defendant may be required to pay in this action, together with interest, attorney's fees, costs of suit, and such other relief as this Court deems appropriate and equitable.

### THIRD COUNT

1. This Defendant, Lt. Jetters, repeats and realleges each and every allegation contained in the First and Second Counts as if the same were more fully set forth at length herein and made a part hereof.

2. This Defendant, Lt. Jetters, had a contract with Co-Defendants, CFG Health System, LLC and Dr. Talbot, which requires indemnification and/or a defense to this action.

WHEREFORE, this Defendant, Lt. Jetters, seeks judgment for all damages pursuant to this contract, along with indemnification, enforcement of the contract including a defense, and all attorney's fees and costs of suit.

### ANSWER TO ALL CROSSCLAIMS

This Defendant, Lt. Jetters, by way of Answer to any and all Crossclaims, says:

This Defendant denies each and every allegation contained in the Co-Defendants' Crossclaims and, therefore, leaves Crossclaimants to their proofs.

### NOTICE OF ALLOCATION

Pursuant to R. 4:7-5(c) and Young v. Latta, 123 N.J. 584 (1991), this Defendant hereby advises that if any Co-Defendant settles the within matter prior to conclusion of trial, the liability of any settling Co-Defendant shall remain an issue and this Defendant shall seek an allocation of percentage of negligence by the finder of fact against such settling Co-Defendant and/or a credit in favor of this Defendant consistent with such allocation.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

### REQUEST FOR DISCOVERY

**PLEASE TAKE NOTICE** that demand is hereby made of Plaintiff for complete compliance with Rule 26, for all discovery items/documentation.

### DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that **Christopher J. Killmurray, Esq.** has been designated as trial counsel on behalf of Defendant, Lt. Jetters.

### JURY DEMAND

This Defendant, Lt. Jetters, hereby Demands a trial by jury in accordance with Federal Rule of Civil Procedure 38.

> HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
> Attorneys for Defendant, Lt. Jetters
>
> BY: */s/ Christopher J. Killmurray*
>      CHRISTOPHER J. KILLMURRAY

Dated: December 14, 2011

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

## PROOF OF MAILING

I, **Christopher J. Killmurray, Esq.**, hereby certify that on this date that I served via electronic mail, a true and accurate copy of the within Answer to Plaintiff's Complaint on behalf of Defendant, Lt. Jetters, to the following:

> Mr. William T. Walsh
> Clerk, United States District Court
> Martin Luther King, Jr. Federal Building and US Courthouse
> 50 Walnut Street
> Newark, NJ 07102

I hereby certify that on this date that I served via electronic and regular mail, a true and accurate copy of the within Answer to Plaintiff's Complaint on behalf of Defendant, Lt. Jetters, to the following:

| | |
|---|---|
| Lennox S. Hinds, Esq.<br>Stevens, Hinds & White, P.C.<br>42 Van Doren Avenue<br>Somerset, NJ 08873<br>Attorneys for Plaintiff,<br>Kendra Denise Brown | Marc D. Mory, Esq.<br>Dvorak and Associates<br>390 George Street, 8th Floor<br>New Brunswick, NJ 08901<br>Attorneys for Defendant,<br>Warden Edmond C. Cicchi |
| Patrick Bradshaw, Esq.<br>Kelso & Bradshaw<br>132 Hamilton Street<br>PO Box 1208<br>New Brunswick, NJ 08903-1208<br>Attorneys for Defendant,<br>County of Middlesex | Thomas J. Decker, Esq.<br>Decker & Magaw<br>507 Westfield Avenue<br>Westfield, NJ 07090<br>Attorneys for Defendant,<br>CFG Health Systems, LLC |

I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

> HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
> Attorneys for Defendant, Lt. Jetters
>
> */s/ Christopher J. Killmurray*
> _____
> CHRISTOPHER J. KILLMURRAY

Dated: December 14, 2011

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WILTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ